16-3750-cv
*Ileen Cain v. Atelier Esthetique Inst. of Esthetics, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand eighteen.

PRESENT:

RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges*,
JESSE M. FURMAN,
*District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ILEEN CAIN,

*Plaintiff-Appellant*,

v.                                                   16-3750-cv

ATELIER ESTHETIQUE INSTITUTE OF ESTHETICS INC.,

*Defendant-Appellee,*

ATELIER ESTHETIQUE, ANNETTE HANSON, INC.,
MS. MICHELLE, MS. CHRISTINE, MS. ANN, MS.

---

[*]     Jesse M. Furman, United States District Court for the Southern District of New York, sitting by designation.

KERA, MR. ROCHESTER, MS. CHRISTINE,
SCHOOL RECEPTIONIST, ANNETTE HANSON,
SCHOOL ACCOUNTANT,

_Defendants._

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: JOSHUA L. SEIFERT, Joshua L. Seifert PLLC, New York, New York.

FOR DEFENDANT-APPELLEE: NICOLE FEDER, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, New York.

Appeal from the United States District Court for the Southern District of New York (Francis, _M.J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Ileen Cain appeals the district court's judgment entered October 25, 2016, in favor of defendant-appellee Atelier Esthetique Institute of Esthetics Inc. ("Atelier"). By opinion and order entered October 21, 2016, following a bench trial, the district court dismissed Cain's disability discrimination claims under 29 U.S.C. § 794 (the "Rehabilitation Act") and the New York City Human Rights Law, N.Y.C. Admin. Code. § 8-101 (the "NYCHRL"). _Cain v. Atelier Esthetique Institute of Esthetics, Inc._, No. 13 Civ. 7834 (JCF), 2016 WL 6195764 (S.D.N.Y. Oct. 21, 2016). The district court had previously granted summary judgment dismissing Cain's defamation claims by memorandum and order entered April 20, 2016. _Cain v. Atelier Esthetique Institute of_

*Esthetics, Inc.*, 182 F. Supp. 3d 54, 74 (S.D.N.Y. 2016). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2012, Cain was admitted to Atelier, a school that offers programs for students seeking a New York State Esthetician's License.[1] Her application indicated that she would apply for tuition assistance from the Adult Career and Continuing Education Services - Vocational Rehabilitation ("ACCES-VR"), a state agency that provides job placement and training for persons with disabilities.[2]

Cain commenced classes at Atelier on December 5, 2012. She attended classes for approximately one week before she was terminated from the program involuntarily. Cain alleges that she was subject to persistent harassment by her classmates, who mocked her mental health, accused her of making violent threats, and cyberstalked her. She also alleges that disparaging statements were made and repeated by Atelier administrators.

Atelier, however, claims that Cain was disruptive, and exhibited aggressive and threatening conduct towards other students, teachers, and Atelier's Director, Ronald Cary Rochester. Christine Anderson, one of Cain's instructors, reported that she observed Cain speaking to herself in an agitated manner and that

---

[1] An "esthetician," or "aesthetician," is "a person licensed to provide cosmetic skin care treatments and services (such as facials, hair removal, and makeup application)." Aesthetician, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/aesthetician (last visited Apr. 6, 2018).

[2] In 2012, ACCES-VR was known as the Office of Vocational and Educational Services for Individuals with Disabilities.

other students complained of the same behavior. Rochester testified that during his two meetings with Cain, she became irate, threatening, and confrontational. Rochester stated that he ultimately terminated Cain from the program because of this aggressive behavior.

Cain, proceeding *pro se*, filed a complaint in district court claiming that she had been terminated because of a perceived disability. Cain also alleged defamation, specifically citing Rochester's statements to Mark Weinstein, Director of ACCES-VR, and Paula Wolff, a supervisor at the Center for Independence of the Disabled - New York ("CID-NY"),[3] that Cain was hallucinating, unable to follow class lessons, agitated and disruptive in class, and exhibited aggressive behavior. Liberally construed, Cain's complaint alleged that Rochester's statements were defamatory *per se*, falling into the category of statements that tend to injure another in her trade, business, or profession.

The district court granted summary judgment to Atelier on Cain's defamation claim on April 20, 2016, and held a bench trial on Cain's remaining claims between September 6 and 16, 2016.[4] Pursuant to its October 21, 2016 opinion and order, the district court dismissed Cain's remaining claims. This appeal followed. This Court granted Cain's motion to proceed *in forma pauperis* and appointed *pro bono* counsel on

---

[3] CID-NY is an advocacy organization where Cain had previously received services. After Atelier terminated Cain, she reached out to CID-NY for help to advocate on her behalf.
[4] The parties consented to have a United States magistrate judge conduct all proceedings in the case. 28 U.S.C. § 636(c).

the issue of whether a student has a trade, business, or profession for the purposes of defamation *per se.*

## I. Defamation Claim

On appeal, Cain argues that the district court erred when it granted Atelier summary judgment, holding that Cain could not have been defamed *per se* because she was a student who did not have a trade, business, or profession.

To make a claim for defamation under New York law, the plaintiff must allege "(1) a false statement that is (2) published to a third party (3) without privilege or authorization, and that (4) causes harm, unless the statement is one of the types of publications actionable regardless of harm." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Stepanov v. Dow Jones & Co.*, 987 N.Y.S. 2d 37, 41-42 (1st Dep't 2014)). With respect to the fourth element, the alleged harm must "consist of the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 179 (2d Cir. 2000) (citation and internal quotation marks omitted). "Defamation *per se* absolves a plaintiff of the requirement to plead special damages," *Grayson v. Ressler & Ressler*, 271 F. Supp. 3d 501, 518 (S.D.N.Y. 2017), because "the law presumes that damages will result," *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992). This presumption of damages only applies to limited categories of statements, including statements that "tend to injure [a plaintiff's] trade, business or profession." *Id*.

The district court held that extending the doctrine of presumed damages under the "trade, business, or profession" category to students "makes little sense." *Cain v. Esthetique*, 182 F. Supp. 3d at 73. We need not decide the issue. Even assuming that students can as a theoretical matter be defamed in their "trade, business, or profession" and that the remarks here related to Cain's would-be trade or profession, Cain's claim fails because Atelier has an absolute defense to Cain's defamation claim, namely that the statements at issue were true. It is well established that "[f]alsity is an element of defamation under contemporary New York law." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 244 (2d Cir. 2017). Thus, "[t]ruth provides a complete defense to defamation claims." *Dillon v. City of New York*, 261 A.D.2d 34, 39 (1999); *see also Printers II, Inc. v. Professionals Publishing, Inc.*, 784 F.2d 141, 146 (2d Cir. 1986) ("[I]t is not necessary to demonstrate complete accuracy to defeat a charge of [defamation]. It is only necessary that the gist or substance of the challenged statements be true.").

As the district court determined after trial, the purportedly defamatory statements were true. The trial court found that "[p]lainly, Ms. Cain appears to suffer from delusions, and although these may be manifestations of her mental disabilities, they resulted in behaviors that rendered her unqualified to participate in Atelier's educational program." *Cain*, 2016 WL 6195764, at *5. The district court found that Cain "'tune[d] out' in class," disrupted instruction by interjecting off-point comments, made

unsubstantiated complaints of harassment about classmates, and became hostile. *Id.* The factual questions of whether Cain acted erratically, aggressively, and inappropriately were squarely litigated at trial, and the district court ruled against Cain in these respects. While these findings were made in the context of the trial court's post-trial rulings on Cain's discrimination claims, nothing in the record suggests that Cain would have produced any additional evidence if the defamation claim had proceeded to trial.

To the extent there were issues of fact presented at the summary judgment stage on the issue of falsity, those factual issues were resolved against Cain at trial. Moreover, under the law of the case doctrine, Cain would be precluded from relitigating these factual determinations in any subsequent proceedings on the defamation claim. *See Devilla v. Schriver*, 245 F.3d 192, 197 (2d Cir. 2001) (purpose of doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit" (citation and internal quotation marks omitted)). While the law of the case doctrine is discretionary and "[t]he appropriateness of applying the law of the case to a jury verdict depends, therefore, on the interpretation and quality of the verdict itself," *id.*, we see no reason to remand this case for the district court to evaluate the "verdict" and exercise its discretion as this was a bench trial, the district court rendered detailed findings of fact based on record evidence, and Cain had a full opportunity to be heard on these factual questions. Accordingly, we affirm

dismissal of this claim. *See, e.g., Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 160 n.6 (2d Cir. 2017) (noting that "[w]e are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the [district] court relied" (alterations in original) (citation and internal quotation marks omitted)).

## II.     Credibility, Perjury, and Hearsay Claims

In her *pro se* brief, Cain contends that Atelier and its witnesses perjured themselves at trial, and that the district court admitted impermissible hearsay evidence and made improper credibility determinations.

With respect to the perjury and credibility arguments, we review a district court's factual findings for clear error. *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 528 (2d Cir. 2004) (citing Fed R. Civ. P. 52(a)). At a bench trial, the trial court is the finder of fact and makes credibility determinations. *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). We may not "second-guess either the trial court's credibility assessments or its choice between permissible competing inferences." *Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316 (2d Cir. 2003). Upon review of the record, we conclude that the district court did not commit clear error in its evaluation and assessment of the witnesses, their testimony, and their credibility. Accordingly, we reject the perjury and credibility arguments.

With respect to the hearsay argument, we review a district court's evidentiary rulings for abuse of discretion. *United States v. Wexler*, 522 F.3d 194, 201-02

(2d Cir. 2008). We conclude that the district court did not abuse its discretion by allowing Anderson and Rochester to testify as to complaints of other students. This testimony was not hearsay because it was not offered for the truth of the matter asserted, *see* Fed. R. Evid. 801(c), but rather, provided background information about why Cain and Rochester met and why Rochester was concerned after only a week. The fact that other students *made* complaints about Cain's behavior was relevant. As the district court concluded, "The information actually known to Mr. Rochester when he made the decision to dismiss Ms. Cain was fully sufficient to demonstrate that she was not qualified to continue in Atelier's course of study." *Cain*, 2016 WL 6195764, at *6.

. . .

We have considered Cain's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk